Ex Parte Walter Davis.

No. 6035.   November 10, 1920.

**Habeas Corpus—Transcript—Practice on Appeal.**

Where relator was remanded to custody in the court below on two separate writs of *habeas corpus* and there was no evidence in the record on appeal, there is nothing tangible upon which this court could base an opinion or review the ruling of the trial court, and this court will not consider a separate paper showing that after notice of appeal the relator was carried away on a writ of extradition, although the jurisdiction of this court attaching, it could have made such disposition of the case as was proper, had the record been in proper condition.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable George E. Hosey.

Appeal from a *habeas corpus* proceedings remanding relator to custody.

The opinion states the case.

*Graves & Houtchens & Clark*, for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—There seems to have been two applications for a writ of *habeas corpus*, the first based upon the fact that the trial was delayed and he was kept in jail without a trial, and that he desired a hearing so that bond might be fixed, or that he might be tried.   While this matter was pending there was a complaint filed charging him with being a fugitive from justice from another State.   An additional writ for *habeas corpus* was applied for with reference to that matter.   Upon the hearing the court remanded relator to the custody of the sheriff, and upon which application this order was made is not shown.   The order is a general one, entered by the court remanding him to the custody of the sheriff of Tarrant County.   There seems to have been no evidence offered in support of any of the matters; at least, if there was it is not shown by the record.   In this condition of the record there is nothing tangible upon which this court could base an opinion or review the trial court

ruling. Had the record contained the matters about which the com-plaint is made so this court could review them, we could have entered such order as might be appropriate and proper. There has been filed a separate paper in this court showing that after notice of appeal was given the relator has been carried to the State of Oklahoma. It is unnecessary we think to review that question in the attitude of the record. Of course, when notice of appeal was entered this court obtained jurisdiction not only of the subject matter but of the person of the relator, for disposition of his appeal. If there was any-thing in the record requiring this court to reverse the action of the trial court, this court would not be powerless to enter such judgment or make such orders as would be necessary to enforce its jurisdiction and to compel the enforcement of such orders as it might enter, but in the attitude the matter is presented we are of opinion there is nothing upon which the court could act, and it would be useless to undertake to do so as we view the record.

As the matter is presented we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*